IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION

DELANCE A. CROCKETT,

Plaintiff,

v. CASE NO.: 3:26-cv-772-JEP-PDB

REGIONAL DIRECTOR PALMER, et al.,

Defendants.

______________________________/

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**
**(to Certificate of Service only)**

Defendants, REGIONAL DIRECTOR PALMER ("Palmer"), CAPT. CAMACHO ("Camacho"), LT. PERKINS ("Perkins"), LT. STOKES ("Stokes"), SGT. SMART ("Smart"), SGT. PEACOCK ("Peacock"), OFFICER FERGUSON ("Ferguson"), OFFICER AGAPITO ("Agapito"), OFFICER UNDERHILL ("Underhill"), and OFFICER PITTMAN ("Pittman"), file this Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

I. The Parties to This Complaint:

A. Admitted.

B. Admitted for jurisdictional purposes only.

II. Basis for Jurisdiction:

A. Admitted for jurisdictional purposes only.

B. Denied.

C. To the extent a response is required, denied.

D. Denied.

III. Admitted.

IV. State of Claim:

A. To the extent a response is required, denied.

B. Denied.

C. Denied.

D. Denied.

V. Denied.

VI. Denied.

VII. Without knowledge, therefore denied.

VIII. Without knowledge, therefore denied.

IX. Without knowledge, therefore denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action.

2. The Plaintiff's claim is barred by the applicable Statute of Limitations.

3. To the extent Plaintiff has failed to follow the conditions precedent or Florida's administrative requirements for pre-litigation grievances and appeals, the claims should be dismissed.

4. Any action or inaction of these Defendants was not the cause of Plaintiff's alleged damages.

5. The actions taken by these Defendants were in compliance with applicable rules and regulations.

6. These Defendants had a good faith basis for their actions.

7. Plaintiff's claims are barred by F.S. 768.28, the doctrine of sovereign immunity.

8. The claims against these Defendants should be barred because they did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard or human rights or safety.

9. The claims against these Defendants should be barred based upon the principle of any or all of the Defendants' qualified immunity as their actions were part of their discretionary authority, did not violate clearly established statutory or constitutional rights that a reasonable person would have known, nor were said actions deliberately indifferent to the needs of the Plaintiff.

10. Defendants are entitled to the limitations of liability contained within Florida and Federal law including but limited to 42 U.S.C. 1981. Any verdict or judgment against these Defendants should be limited accordingly.

DATED this 12th day of August, 2026.

THOMPSON, CRAWFORD,
BROWN & SMILEY

*/s/ Mallory B. Brown*

THOMAS R. THOMPSON, ESQ.
Florida Bar No. 890596
tom@tcslawfirm.net
MALLORY B. BROWN, ESQ.
Florida Bar No. 124039
mallory@tcslawfirm.net
victoria@tcslawfirm.net
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing has been furnished by U.S. postal mail to DeLance Crockett, (DC T62116), Santa Rosa CI, 5850 East Milton Rd, Milton, Florida 32583, on this 12th day of August, 2026.

*/s/ Mallory B. Brown*

MALLORY B. BROWN, ESQ.